### A. DENIKE, The, (LANE v.)
[See Lane v. The A. Denike, Case No. 8,045.]

---

### ADGER, (The JAMES.)
[See James Adger, The, Case No. 7,188.]

---

### ADIE, (LILLIBRIDGE v.)
[See Lillibridge v. Adie, Case No. 8,350.]

---

## Case No. 81.
### ADJUSTABLE WINDOW-SCREEN CO. v. BOUGHTON.

[1 Ban. & A. 327;[1] 10 Phila. 251; 31 Leg. Int. 254.]

Circuit Court, E. D. Pennsylvania. June 12, 1874.

PATENTS FOR INVENTIONS—REISSUE—CLAIM.

The reissued patent, granted to complainant, as assignee of Abner B. Magown, for an adjustable window-screen, held to be invalid, by reason of the claim being too broad, and comprehending the invention patented to Lewis S. Thompson, February 24, 1863, [No. 52,726.]

In equity.

[Bill by the Adjustable Window-Screen Company against John W. Boughton for the infringement of the reissue of patent No. 52,726. Bill dismissed.]

George E. Buckley, for complainant.
Leonard Myers, for defendant.

McKENNAN, Circuit Judge. The complainant's bill is founded upon letters patent, reissued to it, as assignee of Abner B. Magown, for an adjustable window screen. "The nature of the said invention consists of an adjustable window screen, composed of two or more frames, each frame being covered with wire or other gauze, and sliding within guides, attached to either or both of the frames, being so constructed that each screen, when completed, can be immediately adjusted to windows of various widths, without altering the screen, viz., without adding to, or deducting anything from, it." The novel merit of this screen consists in its adjustability to windows of various widths, after the gauze is attached to it. This is the only essential difference between it and the mosquito frame, patented by Lewis S. Thompson, on the 24th February, 1863, three years before the date of Magown's patent. Thompson's frame must first be fitted to the opening intended to be covered, and a netting, of suitable width, then attached to it. In Magown's, however, this separate adjustment of the frame and the netting is avoided, by its being composed of two frames covered with gauze, held together by a metallic guide, and, by sliding them in or out laterally, it may be fitted to the width of any opening. But the adaptability of both screens, to the purpose for which they are to be used, is due to the adjustability of thin frames. The frames must be, and are, capable of extension and contraction to fit them to openings of varying widths. This capability, therefore, is a fundamental condition of both inventions.

Now, Thompson was the first inventor of an adjustable frame for a window screen, and, I think, the frame forming the basis

---

[1][Reported by Hubert A. Banning, Esq., and Henry Arden, Esq., and here reprinted by permission.]

of Magown's invention, cannot be distinguished from it, in the principle of its construction, or the modes of its operation. Obviously, similar mechanical appliances—metallic clips or guides—are used, in both, to secure the same results, and they are alike adapted to the openings to which they are to be applied, by extending or contracting them in the guides. It is true, that Magown's screen is composed of two separate frames, but this is only a formal difference. Their conjunction is indispensable to the completeness of the screen, and, when united in the guides, they are adjusted in the same mode in which Thompson's frame is. Nor does this form of construction, secure a different, or more effective mode of adjustment of the frame. Its evident and only object, is, to effect the adjustability of the netting, so that, by its attachment to separate frames, sliding past each other, in the same guide, it is adaptable to any opening to which the combined frame is fitted. In this respect, it is an improvement upon Thompson's invention; but the use of the latter, is indispensable to its efficiency, and is the essential basis of it. By properly limiting his application, Magown might have been entitled to a patent for this improvement, but he could not appropriate what he did not invent. Under cover of securing his own invention, he cannot expand his claim to embrace the invention of another. The consequence of such an attempt, is to imperil his title to the product of his own mechanical skill. The reissued patent claims a window screen, the only apparent difference between which, and Thompson's, aside from the improvement referred to, is in its being composed of two separate frames. This, as before stated, is a formal and not a substantial difference. It is broad enough to comprehend Thompson's prior invention, and, upon such a footing, it cannot be sustained. The bill must, therefore, be dismissed with costs.